UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

AVANTGARDE SENIOR LIVING D/B/A
AVANTGARDE SENIOR LIVING OF
TARZANA, and JASON ADELMAN,
individually and on behalf of all of those                Case No. 1:22-cv-04313-JMF
similarly situated,

                    Plaintiffs,

      v.

GOFUND, LLC D/B/A PENN CAPITAL
FUNDING; MAPCAP FUNDING, LLC;
MIRIAM DEUTSCH; MOSHE KATZ; AND
JOSEF BREZEL,

                    Defendants.

_____

## ANSWER OF DEFENDANT MIRIAM DEUTSCH

Defendant Miriam Deutsch ("Defendant") hereby submits this Answer to the Complaint of

Avantgarde Senior Living d/b/a Avantgarde Senior Living of Tarzana and Jason Adelman

(together, "Plaintiffs") and states as follows.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Answers in Response to Numbered Paragraphs)

1.      Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      In response to the allegation in Paragraph 2 of the Complaint that Bloomberg News

published the referenced article, Defendant admits the allegation. To the extent that the allegation

in Paragraph 2 implies any wrongdoing by Defendant, Defendant denies the allegation.

3.      In response to the allegation in Paragraph 3 of the Complaint that the New York Legislature took certain action, Defendant avers that any legislative action by the New York Legislature speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4.      In response to the allegation in Paragraph 4 of the Complaint that Bloomberg News published the referenced article, Defendant admits the allegation.  Defendant denies the remaining allegations in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6-7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 6 and 7 of the Complaint.

8-12.   Defendant denies the allegations in Paragraphs 8 through 12 of the Complaint.

13-14.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 and 14 of the Complaint.

15-16.  Defendant denies the allegations in Paragraphs 15 and 16 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Defendant admits the allegation in Paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20-21.  Defendant denies the allegations in Paragraphs 20 and 21 of the Complaint.

22-26.  The allegations in Paragraphs 22 through 26 of the Complaint are legal conclusions to which no response is required.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28-44.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 28 through 44 of the Complaint.

45-51.  Defendant denies the allegations in Paragraphs 45 through 51 of the Complaint.

52.     Defendant admits the allegations in Paragraph 52 of the Complaint upon information and belief.

53-62.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 53 through 62 of the Complaint.

63.     Defendant admits the allegation in Paragraph 63 of the Complaint.

64-65.  In response to the allegations in Paragraphs 64 and 65 of the Complaint, Defendant avers that the referenced document speaks for itself.  Defendant denies any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

66-70.  Defendant denies the allegations in Paragraphs 66 through 70 of the Complaint.

71.     Defendant repeats and re-alleges her responses to the allegations of each of the foregoing paragraphs as if set forth fully herein.

72-78.  The allegations in Paragraphs 72 through 78 of the Complaint are not factual allegations to which a response is required.  To the extent a response is required, Defendant denies the allegations in Paragraphs 72 through 78.

79.     Defendant repeats and re-alleges her responses to the allegations of each of the foregoing paragraphs as if set fully forth herein.

80-81.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 80 and 81 of the Complaint.

82.     In response to the allegations in Paragraph 82 of the Complaint, Defendant avers that the New York Court of Appeals decision in *Hammelburger v. Foursome Inn Corp.*, 54 N.Y.2d

580 (1981), speaks for itself.  Defendant denies any characterization by Plaintiffs that is inconsistent with this decision.

83-88.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 83 through 88 of the Complaint.

89-110.      Defendant denies the allegations in Paragraphs 89 through 110 of the Complaint.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint.

112-113.      Defendant denies the allegations in Paragraphs 112 and 113 of the Complaint.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint.

115-127.      Defendant denies the allegations in Paragraphs 115 through 127 of the Complaint.

128.    Defendant repeats and re-alleges her responses to the allegations of each of the foregoing paragraphs as if set forth fully herein.

129-137.      Defendant denies the allegations in Paragraphs 129 through 137 of the Complaint.

138.    Defendant repeats and re-alleges her responses to the allegations of each of the foregoing paragraphs as if set forth fully herein

139-142.      Defendant denies the allegations in Paragraphs 139 through 142 of the Complaint.

143.     Defendant repeats and re-alleges her responses to the allegations of each of the foregoing paragraphs as if set forth fully herein.

144-146.     In response to the allegations in Paragraphs 144 through 146 of the Complaint, Defendant avers that the referenced document speaks for itself.  Defendant denies any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

147.     Defendant denies the allegations in Paragraphs 147 of the Complaint.

148.     In response to the allegations in Paragraph 148 of the Complaint, Defendant avers that the referenced document speaks for itself.  Defendant denies any characterization by Plaintiffs that is inconsistent with the referenced document's terms.

149-152.     Defendant denies the allegations in Paragraphs 149 through 152 of the Complaint.

**THIRD DEFENSE**
**(Estoppel)**

Plaintiffs' claims are barred by the doctrine of estoppel.

**FOURTH DEFENSE**
**(Waiver)**

Plaintiffs' claims are barred by the doctrine of waiver.

**FIFTH DEFENSE**
**(Ratification)**

Plaintiffs' claims are barred by the doctrine of ratification.

**SIXTH DEFENSE**
**(Failure to Plead with Particularity)**

Plaintiffs' fraud and fraud-based claims are barred for failure to plead with particularity.

**SEVENTH DEFENSE**
**(Release)**

Plaintiffs' claims are barred by the doctrine of release.

## EIGHTH DEFENSE
### (Accord and Satisfaction)

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## NINTH DEFENSE
### (Class Action Waiver)

Plaintiffs' claims are barred by the class action waiver contained in the parties'

agreement(s).

## TENTH DEFENSE
### (Mitigation of Damages)

Plaintiffs' claims are barred to the extent they failed to mitigate their damages.

## ELEVENTH DEFENSE
### (Fraudulent Conduct)

Plaintiffs' claims are barred in whole or in part because they engaged in fraudulent conduct

by, among other things, making material misrepresentations and omissions.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part because they do not come to the Court with

clean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

Plaintiffs' claims are barred in whole or in part because the alleged unlawful acts or

statements were made in the course of contemplated or filed judicial proceedings.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiffs' claims are barred in whole or in part because Defendant acted in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

Plaintiffs' claims are barred in whole or in part because Plaintiffs are equally at fault for

any damages or misconduct.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Prior Breach/Repudiation)

Plaintiffs' claims are barred in whole or in part because even if Defendants breached any

contract, Plaintiffs breached first.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Standing/Lack of Subject Matter Jurisdiction)

Plaintiffs' claims are barred because Plaintiffs have not been injured and have no standing.

\*\*\*

NOW having fully answered, Defendant requests that the Court dismiss Plaintiffs'

Complaint with prejudice, and award Defendant her costs and fees incurred in defending this

matter and all other damages and relief to which he is entitled.

Dated: August 12, 2022                                Respectfully Submitted,


                                                      */s Steven W. Wells*
                                                      Steven W. Wells
                                                      WELLS LAW P.C.
                                                      229 Warner Road
                                                      Lancaster, New York 14086
                                                      (716) 983-4750
                                                      steve@wellspc.com

                                                      *Attorneys for Defendant*
                                                      *Miriam Deutsch*