# WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086
Tel.: (716) 983-4750
Email: steve@wellspc.com

---

February 6, 2023

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

                        Re:    *Avantgarde Senior Living v. Jonathan Braun,* United States District Court for the Southern District of New York, Case No. 1:22-cv-04313-JLR

Dear Judge Rochon:

      This firm represents Defendant Yosef Brezel ("Mr. Brezel" or "Defendant") in the above-referenced action.

      I write pursuant to Rule 2.E of the Court's Individual Rules of Practice in Civil Cases to address a discovery dispute regarding a subpoena that Plaintiffs issued to Optimum Bank ("Optimum") for financial documents related to Mr. Brezel. Defendant's counsel had advised Plaintiffs that Defendant intended to move to quash the subpoena – and had initiated the meet and confer process – when Optimum unexpectedly produced the documents to Plaintiffs' counsel three weeks before the production date, thereby depriving Defendant of the opportunity to be heard on its motion to quash. Defendant now respectfully seeks relief that would restore the status quo before Optimum's premature production, namely an order requiring Plaintiffs' counsel to segregate and/or destroy the Optimum production until Defendant can be heard on its motion to quash.

      Plaintiffs' counsel previously moved to compel production of these or similar documents in a separate case involving Mr. Brezel, *Haymount Urgent Care P.C. v. GoFund Advance LLC*, Case No. 1:22-cv-01245 (S.D.N.Y. 2022), and Judge Rakoff denied the motion. The email from Judge Rakoff's clerk denying the motion is attached hereto as **Exhibit A**.

      Nevertheless, on or about January 17, 2023, Plaintiffs subpoenaed documents regarding Mr. Brezel and other defendants from Optimum. Plaintiffs' counsel never disclosed to Defendant's counsel that Judge Rakoff had denied a motion to compel these or similar documents from Optimum in the *Haymount* case. The subpoena set a production date of February 16, 2023.

      On January 23, 2023, Defendant's counsel wrote to Plaintiffs' counsel:

> Pursuant to Rule 2(E) of [the] Individual Rules and Practice in Civil Cases, I write on behalf of Defendant[] Yosef Brezel…to meet and confer regarding the Subpoenas issued to Israel Discount Bank of New York and Optimum Bank (the "Subpoenas").  In the event at we are unable to resolve our clients' issues with the Subpoenas through a meet and confer conference, my clients intend to file a letter seeking a pre-motion conference before seeking to file a motion to quash and/or for a protective order as to the Subpoenas….
>
> As written, the Subpoenas are overbroad and not likely to lead to the discovery of admissible evidence.  They seek documents that have no relation to the single transaction at issue in the Amended Complaint….
>
> To the extent, the Subpoenas purport to seek documents in furtherance of class certification, the documents are not likely to lead to the discovery of admissible evidence given that class certification was recently denied in a nearly identical case.
>
> Pursuant to the foregoing, Mr. Brezel…respectfully request[s] that Plaintiffs withdraw the Subpoenas and agree to limit any future subpoenas to documents related to the transaction at issue in this case.

A copy of this meet and confer email is attached hereto as **Exhibit B**.

Shortly after sending this meet and confer email, Defendant's counsel spoke to an attorney representing Plaintiff, Alex Corey, to discuss the issue.  The parties agreed to meet and confer the next week upon Mr. Corey's assurance that, in the unlikely event that the Optimum documents were produced before the parties could conclude their meet and confer efforts or have the issue determined by the Court, Plaintiffs' counsel would not review the documents.

Shortly thereafter, however, Plaintiff's counsel, Mr. Heskin, emailed Defendant's counsel stating that, in fact, he had already received the Optimum documents (notwithstanding that the production date was February 16, 2023) and that he would not agree to segregate the documents pending the parties' meet and confer efforts or presentation of the issues to the Court.

Defendant's counsel immediately set a meet and confer call with Plaintiffs' counsel for January 30, 2023, at 2:00 p.m.  Plaintiffs' counsel, however, did not answer the call.

Over the next week, the parties attempted to meet and confer regarding the issue.  On Friday, February 3, 2023, however, Plaintiff's counsel indicated that he intended to use documents from the Optimum production in the *Haymount* case, notwithstanding Judge Rakoff's decision not to compel production of similar documents in that case.  There were numerous communications over the weekend between Plaintiffs' counsel, Defendant's counsel, and counsel for Mr. Brezel in the *Haymount* case.  It is Defendant's counsel's understanding that the parties in the *Haymount* case are separately addressing the issue with Judge Rakoff.

In any event, Defendant respectfully seeks a meaningful right to be heard on its motion to quash and, therefore, respectfully seeks an order requiring Plaintiffs' counsel to segregate and/or destroy the Optimum production until Defendant can be heard on its motion.

Prior to filing this motion – and pursuant to Rule 2.E of the Court's Individual Rules of Practice in Civil Cases – Defendants' counsel undertook to meet and confer with Plaintiffs' counsel in good faith but, as set forth above, those efforts were not successful.

We appreciate the Court's consideration of this matter.

Respectfully Submitted,

/s Steven W. Wells

Steven W. Wells

IT IS HEREBY ORDERED that, no later than **February 9, 2023**, Defendants shall file a letter-motion, not to exceed three (3) pages, moving to quash the subpoena.  Plaintiff shall respond in a letter-brief, not to exceed three (3) pages, by no later than **February 13, 2023.**  Plaintiff's opposition shall indicate whether it complied with the notice requirements in Federal Rule of Civil Procedure 45(a)(4).  *See, e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (observing that failure to adhere to notice requirements in Rule 45 may prejudice party who would like to move to quash subpoena where documents are produced before they can make motion); *Allison v. Clos-ette Too, L.L.C.*, No. 14-cv-1618 (LAK) (JCF), 2015 WL 136102, at *10 (S.D.N.Y. Jan. 9, 2015) (quashing subpoena due to prior notice violation and enjoining party from using information produced in response to that subpoena).

IT IS FURTHER ORDERED that the parties shall appear for a conference to discuss the motion to quash on **February 16, 2023** at 10:30 a.m. in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, New York, 10007.

Dated: February 6, 2023
      New York, New York

SO ORDERED

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge