# WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086
Tel.: (716) 983-4750
Email: steve@wellspc.com

---

February 8, 2023

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: *Avantgarde Senior Living v. Jonathan Braun,* United States District Court for the Southern District of New York, Case No. 1:22-cv-04313-JLR

Dear Judge Rochon:

  This firm represents Defendant Yosef Brezel ("Defendant") in the above-referenced action. I write to request that the Court clarify its February 6, 2023, Order (Doc. No. 71) granting Defendants' letter motion of that same date.

  In its letter motion, Defendant requested permission to file a motion to quash Plaintiffs' subpoena to Optimum Bank ("Optimum") and further requested that, pending a determination on that motion, the Court require Plaintiffs' counsel to segregate and/or destroy the Optimum production.

  In its Order, the Court granted Defendant's request to file a motion to quash. The Court set a briefing schedule and hearing. The Court, however, did not specifically address whether Plaintiffs' counsel would be required to segregate and/or destroy the Optimum production pending a determination on Plaintiff's motion.

  Defendant respectfully requests clarification on this point as Plaintiffs' counsel has indicated his intention to use documents from the Optimum subpoena in the plaintiffs' summary judgment motion in the *Haymount* case to be filed on or before February 13, 2023,[1] before this

---

[1] In an email dated February 6, 2023, Plaintiffs' counsel emailed Defendant's counsel stating, "Let me know if you withdraw your motion to quash in light of the below ruling by Judge Rakoff" (which merely stated that "[t]o the extent plaintiff wishes to rely on records plaintiff has already obtained in this or other litigation in support of any summary judgment motion, plaintiff may do so"). Defendant's counsel responded on February 7, 2023, declining to forego its motion to quash and stating that Judge Rakoff's ruling "seem to be subject to whatever ruling the *Avantgarde* court makes; that is, if the *Avantgarde* court rules that Plaintiffs should not possess or use the Optimum

Court's hearing on the motion to quash, which would irreparably harm Defendant in the event that this Court ultimately quashes the subpoena.

Prior to filing this motion, on February 7, 2023, Defendant's counsel emailed Plaintiffs' counsel and advised that it was his understanding that "you are currently precluded from using any documents obtained through the subpoena to Optimum Bank" because "[t]hat was the relief that we asked for our in our letter motion to the Court and the Court granted our motion." (Ex. A). Defendant's counsel asked, "[i]f you disagree, please let us know immediately so we can seek clarification from the Court." (*Id.*)

Plaintiffs' counsel never responded. As such, Defendant respectfully requests clarification from the Court.

We appreciate the Court's consideration on this issue.

Respectfully Submitted,

*/s Steven W. Wells*

Steven W. Wells

On February 6, 2023, the Court ordered the parties to brief Defendant's motion to quash in this case. ECF No. 71.  The Court takes no position on what documents may or may not be used in a motion for summary judgment pending in a separate action before a different Judge.

Dated: February 8, 2023
       New York, New York

SO ORDERED

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

---

documents pending determination on our motion to quash, then Plaintiffs must abide by that order." A copy of the parties' email correspondence is attached hereto as **Exhibit A**.